UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID EWING, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 09-1368 |
| GUY PIERCE, | ) ) ) |
| Respondent. | ) ) |

# **O R D E R**

This matter is presently before the Court on Petitioner, David Ewing's ("Ewing"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Respondent's Motion to Dismiss. For the reasons set forth herein, the Motion to Dismiss is GRANTED, and Ewing's § 2254 Petition is DISMISSED.

## **Background**

Ewing is incarcerated in the Pontiac Correctional Center in Pontiac, Illinois. His underlying conviction is not at issue in the Petition. Rather, Ewing is challenging the revocation of six months of his good conduct credits, one year of segregation, grade demotion, one year of privilege restrictions, and disciplinary transfer imposed following a disciplinary hearing on charges that he had engaged in consensual sex with another inmate. He makes essentially three complaints: (1) his testimony and disciplinary reports were deliberately altered to change the outcome of the investigation; (2) he was denied an impartial hearing on the disciplinary charges against him; and (3) he was denied medical attention.

Respondent has now filed an Answer in which he contends that Ewing has failed to exhaust his available state remedies. Ewing did not attempt to file a timely traverse, and this Order follows.

**Discussion**

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. Id. In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b). Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed. Farrell, 939 F.2d at 410. Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Although it would appear that Ewing has pursued his claims through the administrative review available in the IDOC, the record indicates that he has not exhausted

his claims with the Illinois courts. There is ample authority supporting the requirement that a state prisoner at least present claims such as a petition for mandamus to the state courts prior to seeking relief in federal court. McAtee v. Cowan, 250 F.3d 506, 508 (7th Cir. 2001); see also, Jones v. Watkins, 945 F.Supp. 1143, 1149 (N.D.Ill. 1996) (barring a state prisoner from seeking review of the loss of good time credits in federal court until he had exhausted available state remedies, including a writ of mandamus); United States ex rel. Isaac v. Franzen, 531 F.Supp. 1086, 1090-91 (N.D.Ill. 1982) (finding that "the state mandamus remedy provides petitioner with an available and adequate corrective process" to compel prison officials to comply with due process requirements in a prison disciplinary proceeding); United States ex rel. Johnson v. Klincar, 572 F.Supp. 924, 926-27 (N.D.Ill. 1983). Thus, it seems clear that Ewing does in fact have an available and possibly dispositive means of review available to him in state court and has therefore failed to exhaust his state remedies as to all of his remaining claims.

Although § 2254(b)(2) does provide that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," this language is permissive rather than mandatory. See also, Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004); Muhammad v. Close, 540 U.S. 749, 751 (2004). Ewing has an opportunity to seek mandamus in the Illinois courts, and it is still possible for him to obtain full relief on his claim. Consequently, the Court finds that this is not a case where § 2254(b)(2) should be applied to reach the merits, as the state courts should be afforded the opportunity to address Ewing's claims of error with respect to his good time credit and other discipline imposed. Perruquet, 390 F.3d at 514. Thus, Ewing must first exhaust his state court remedies before seeking federal habeas corpus relief, and his premature Petition will be dismissed without prejudice.

## Conclusion

For the reasons set forth herein, Respondent's Motion to Dismiss [#15] is GRANTED, and Ewing's Petition for Writ of Habeas Corpus [#1] is DISMISSED WITHOUT PREJUDICE for failure to exhaust available state court remedies. This matter is now terminated.

ENTERED this 26th day of February, 2010.

                                                                  s/ Michael M. Mihm
                                                                  Michael M. Mihm
                                                                  United States District Judge